1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ST. PAUL FIRE & MARINE
    INSURANCE COMPANY,

11
                            Plaintiff,
12
              v.                          CIV. NO. S-04-1382 LKK/KJM
13
    TAHOE KEYS MARINA, LLC,
14  et al.,

15                          Defendants.
    _____/
16
    CARAVEL/WOODWIND CHARTERS, INC.,
17  a corporation; and ST. PAUL FIRE
    & MARINE INSURANCE CO., a corporation,
18
                            Plaintiffs,
19
              v.                          CIV. NO. S-05-1435 MCE/KJM
20
    TAHOE KEYS MARINA, LLC, dba
21  TAHOE KEYS MARINA, a California
    LLC, et al.,                          RELATED CASE ORDER
22
                            Defendants.
23  _____/

24       Examination of the above-entitled actions reveals that

25  the two (2) actions are related within the meaning of Local Rule

26  83-123(a) (E.D. Cal. 1997).  The actions involve the same parties,

                                  1

1  and are based on the same or similar claims, the same property,
2  transaction or event, similar questions of fact and the same
3  question of law.

4      Accordingly, the assignment of the matters to the same judge
5  and magistrate judge is likely to effect a substantial savings of
6  judicial effort and is also likely to be convenient for the
7  parties.

8      The parties should be aware that relating the cases under
9  Local Rule 83-123 merely has the result that the two (2) actions
10 are assigned to the same judge and magistrate judge; no
11 consolidation of the actions is effected.   Under the regular
12 practice of this court, related cases are generally assigned to the
13 judge and magistrate judge to whom the first filed action was
14 assigned.

15     IT IS THEREFORE ORDERED that the action denominated CIV. NO.
16 S-05-1435 MCE/KJM be, and the same hereby is, reassigned to Judge
17 Lawrence K. Karlton and Magistrate Judge Kimberly J. Mueller for
18 all further proceedings, and any dates currently set in this
19 reassigned case only are hereby VACATED.   The parties are referred
20 to the attached Order Setting Status (Pretrial Scheduling)
21 Conference.   Henceforth, the caption on documents filed in the
22 reassigned case shall be shown as CIV. NO. S-05-1435 LKK/KJM.
23 ////
24 ////
25 ////
26 ////

1     IT IS FURTHER ORDERED that the Clerk of the Court make

2  appropriate adjustment in the assignment of civil cases to

3  compensate for this reassignment.

4     DATED:  July 25, 2005

5

6                             /s/Lawrence K. Karlton
                                LAWRENCE K. KARLTON
                                SENIOR JUDGE

7                               UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1   **STATSET.LKK (rev. 12/00)**

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   _____,
                                              NO. CIV. S-_____ LKK
12          Plaintiff(s),

13      v.                                    **ORDER SETTING STATUS
                                              (PRETRIAL SCHEDULING)**
14   _____,        **CONFERENCE**

15          Defendant(s).
16   _____/

17       This action has been assigned to the Honorable LAWRENCE K.

18   KARLTON.   Pursuant to the provisions of Federal Rule of Civil

19   Procedure 16, as amended December 1, 1993, IT IS HEREBY ORDERED

20   that:

21       1.  A Status (Pretrial Scheduling) Conference is **SET** for

22   September 26, 2005 at 1:30 p.m., before Judge Karlton in

23   Chambers/Courtroom No. 4.

24   ////

25   ////

26   ////

                                 4

1          2.   In order to enable the court to comply with the 120-day
2     time limit specified in Fed. R. Civ. P. 16(b), plaintiff SHALL
3     COMPLETE SERVICE OF PROCESS ON ALL PARTIES WITHIN FORTY-FIVE (45)
4     DAYS OF THE DATE OF FILING THE COMPLAINT HEREIN.

5          3.   Concurrently with the service of process, or as soon
6     thereafter as possible, **plaintiff shall serve upon each of the**
7     **parties named in the complaint, and upon all parties subsequently**
8     **joined, <u>a copy of this order</u>**, and shall file with the clerk a
9     certificate reflecting such service.   Any party who impleads a
10    third-party defendant shall serve upon that party a copy of this
11    order, and shall file with the clerk a certificate reflecting such
12    service.

13         4.   In the event that this action was reassigned to Judge
14    Karlton from another judge, **plaintiff shall serve upon all parties**
15    **to this action <u>a copy of this order</u>**, and shall file with the clerk
16    a certificate reflecting such service.

17         5.   Any non-governmental corporate party to an action in this
18    court shall file a statement identifying all its parent
19    corporations and listing any publicly held company that owns 10%
20    or more of the party's stock.   Defendant shall file the statement
21    with its initial pleading filed in the court and plaintiff shall
22    file the statement not later than ten (10) days after filing the
23    complaint.   The parties shall supplement the statement within a
24    reasonable time of any change in the information.

25         6.   In the event this action was originally filed in a state
26    court and thereafter removed to this court, **the removing party or**

**parties shall, immediately following such removal, serve upon each of the other parties and upon all parties subsequently joined, a copy of this order,** and shall file with the clerk a certificate reflecting such service.

7. All parties to the action shall appear at the Status Conference through counsel (**or in person, if acting without counsel**). UNLESS SPECIFICALLY DIRECTED OTHERWISE, COUNSEL LOCATED OUTSIDE THE COUNTY OF SACRAMENTO MAY APPEAR BY TELEPHONE, PROVIDED THAT:

(a) **THE ACTION DOES NOT INVOLVE A LITIGANT APPEARING IN PROPRIA PERSONA.  IN SUCH CASES, ALL COUNSEL AND LITIGANTS MUST PERSONALLY APPEAR;** and

(b) COUNSEL STATE IN THEIR TIMELY-FILED STATUS REPORTS AS REQUIRED BY THIS ORDER THEIR DESIRE TO SO APPEAR, AND THEREIN PROVIDE THE TELEPHONE NUMBER THEY WILL BE CALLING FROM; and

(c) **PLACE THE CALL TO CHAMBERS THEMSELVES BY CALLING (916) 930-4130, AT EXACTLY THE TIME THE CONFERENCE IS SCHEDULED TO BEGIN.** IF MORE THAN ONE PARTY DESIRES TO APPEAR BY TELEPHONE, COUNSEL MUST MAKE ARRANGEMENTS AMONG THEMSELVES TO SET UP THE CONFERENCE CALL AT THE SCHEDULED TIME **WITH ALL PARTICIPANTS ON THE LINE BEFORE CALLING CHAMBERS.** A FAILURE TO PLACE THE TELEPHONE CALL AT THE APPROPRIATE TIME WILL BE TREATED AS A FAILURE TO APPEAR AND MAY SUBJECT COUNSEL TO SANCTIONS.

8. The parties shall file with the court and serve upon all other parties, not later than 4:30 p.m., ten (10) days preceding the conference, a Status Report. **ANY PARTY FAILING TO FILE A**

1 **TIMELY STATUS REPORT PURSUANT TO THIS ORDER MAY BE SUBJECTED TO**

2 **MONETARY SANCTIONS AND/OR THE DISMISSAL OF THE COMPLAINT OR**

3 **STRIKING OF THE ANSWER.**  The Status Report shall briefly set out

4 the views of the party making the report on the following matters:

5         (a)  Name(s) of the parties counsel represents;

6         (b)  A  brief  summary  of  the  facts  alleged  in  each

7 complaint and a characterization of the legal theories under which

8 recovery is sought or liability denied.  The characterization of

9 the legal theories does not require legal argument, but only a

10 description of the legal theory (or theories);

11         (c)  Progress in the service of process;

12         (d)  Possible joinder of additional parties;

13         (e)  Any expected or desired amendment of pleadings;

14         (f)  Specifying the statutory basis for jurisdiction and

15 venue;

16         (g)  Anticipated motions and the scheduling thereof;

17         (h)  Anticipated discovery and the scheduling thereof.

18 In this regard, the parties shall discuss whether deferral of

19 discovery pursuant to Fed. R. Civ. P. 26(d) is appropriate, any

20 order affecting discovery pursuant to Fed. R. Civ. P. 26 and 29-37

21 is desired, and whether a discovery conference under Fed. R. Civ.

22 P. 26(f) should be held;

23         (i)  Future proceedings, including setting appropriate

24 cut-off dates for discovery, law and motion, and the scheduling of

25 the pretrial conference and trial;

26 ////

1        (j)  Appropriateness of special procedures such as

2   agreement to try the matter before a magistrate judge pursuant to

3   28 U.S.C. § 636(c), or reference to a special master, or to the

4   Judicial Panel on Multidistrict Litigation, or application of the

5   Manual for Complex Litigation, binding arbitration in Superior

6   Court;

7        (k)  Whether any of the parties has timely demanded a

8   trial by jury;

9        (l)  Estimate of trial time;

10       (m)  Modification of standard pretrial procedures

11  specified by the local rules due to the relative simplicity or

12  complexity of the action;

13       (n)  Whether the case is related to any other case,

14  including any matters in bankruptcy;

15       (o)  Whether counsel will stipulate to the trial judge

16  acting as settlement judge and waive any disqualification by virtue

17  thereof, or whether the parties prefer to have a settlement

18  conference before another judge;

19       (p)  The report of the parties concerning use of the

20  Voluntary Dispute Resolution Program pursuant to Local Rule 16-271;

21       (q)  Any other matters which may be conducive to the

22  just, efficient, and economical determination of the action.

23    Following the Status (Pretrial Scheduling) Conference, the

24  court will issue a written order regarding the future course of

25  this litigation.

26  ////

9.   Requests for continuance of Status Conferences are not favored and will not be granted in the absence of a true emergency and, in any event, **will not be entertained unless made <u>in writing at least THREE (3) DAYS prior to the scheduled conference</u>.**

10.   At the time of filing a motion or an opposition thereto, counsel are requested to deliver to the court a copy on a 3½" floppy disk compatible with WordPerfect 8.0 or e-mail a copy to the Judge's Assistant, Tim Hinkle, at thinkle@caed.uscourts.gov.

11.   Counsel are hereby reminded of their continuing duty to immediately notify the Courtroom Deputy at (916) 930-4133 and the Judge's Chambers in writing, of any settlement or other disposition (Local Rule 16-160).

IT IS SO ORDERED.

DATED:   July 25, 2005

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT